Proposed Rules for Minor Judiciary Education -  Final

## TITLE 204 - JUDICIAL SYSTEM GENERAL PROVISIONS

## PART II. GENERAL ADMINISTRATION

## CHAPTER XX. MINOR JUDICIARY EDUCATION

### Rule 101. Purpose

The public properly expects that judges at all levels of the judiciary will maintain professional competence and ethical behavior. To meet the public's expectations and to ensure that magisterial district judges and arraignment court magistrates have and maintain the requisite knowledge and skills to perform the duties of their office, these rules are promulgated in accordance with 42 Pa.C.S. § 3119 to prescribe standards for implementation of 42 Pa.C.S. §§ 3111 *et seq.*

### Rule 102. Scope and Citation

(a) **Scope.** Magisterial district judges, arraignment court magistrates, and prospective candidates for each office must comply with certifying and continuing education requirements as set forth in 42 Pa.C.S. § 3111 - § 3119 and Pa.R.J.A. 601-603 as administered by the Minor Judiciary Education Board.

(b) **Citation.** These rules shall be known as the Pennsylvania Minor Judiciary Education Rules ("rules") and may be cited as Pa.M.J.E. Rule_."

### Rule 103. Definitions

Subject to any definitions contained in subsequent rules, the following words and phrases, when used in these rules, shall have, unless the context clearly indicates otherwise, the following meanings:

**"Arraignment Court Magistrate."** A bail commissioner in the City of Philadelphia.

**"Board."** The Minor Judiciary Education Board appointed by the Supreme Court of Pennsylvania as set forth in 42 Pa.C.S. § 2132.

**"Certification Course."** A course of training and instruction in the respective duties of magisterial district judges and arraignment court magistrates, provided to  interested persons who wish to seek or serve  in these offices,  and who  are not members  of the Bar of this Commonwealth. 42 Pa.C.S. § 3112 - § 3114; Pa.R.J.A.  601.

**"Certification Examination."** A written examination designed to demonstrate that prospective magisterial district judges and arraignment court magistrates possess the requisite knowledge to competently discharge the duties of the office.

**"Continuing Education."** An annual course of instruction designed to ensure that magisterial district judges and arraignment court magistrates maintain the requisite knowledge and skills to fulfill their judicial responsibilities.

**"Department."** The Judicial Education Department of the Administrative Office of Pennsylvania Courts.

**"Distance Education."** Education that is delivered from a host site to a remote site via electronic transmission.

**"Judge."** A commissioned jurist in the Commonwealth's Unified Judicial System who serves as a magisterial district judge or an arraignment court magistrate. The term also includes judges serving on the aforementioned courts in senior status pursuant to Pa.R.J.A. 701.

**"Judicial Education."** Includes topics of study for certification and continuing education that encompass substantive and procedural law and judicial ethics, as well as topics to enhance judicial skills, including, but not limited to, case management, legal history, philosophy of law, and the physical and social sciences.

**"Judicial Education Course."** Includes, but is not limited to, certification courses, continuing education courses, and supplemental practicum courses.

**"Supplemental Practicum."** A continuing education course designed to address the unique educational needs of newly elected or appointed magisterial district judges and arraignment court magistrates. Pa.R.J.A. 602(b).

**"Supreme Court."** The Supreme Court of Pennsylvania.


### Rule 201. Minor Judiciary Education Board

The primary purpose of the Board is to develop and administer, subject to Supreme Court approval, certification courses and examinations, continuing education, and supplemental practicums, as provided in Chapter 31 of Title 42 and Pa.R.J.A. 601-603.


### Rule 202. Compensation and Expenses; Immunity

(a) Board members shall receive no compensation for services provided under these rules, including services as instructors, but they shall be reimbursed by the Board for their reasonable and necessary expenses in attendance at meetings and in otherwise fulfilling their responsibilities.

(b) The Board, and its members, employees and agents are immune from all civil liability for conduct and communications occurring in the performance of their official duties relating to the administration of the initial and continuing education requirements under 42 Pa.C.S. § 3111 - § 3119 and Pa.R.J.A. 601-603.


### Rule 203. Powers and Duties of the Board

The Board is authorized:

(a) To administer these rules and the requirements of 42 Pa.C.S. § 3112 - § 3118 and Pa.R.J.A. 601-603, and to act as ordered, directed, or requested by the Supreme Court.

(b) To develop all course curricula and manage all scheduling, faculty selection and other logistics for administration of certification, continuing education, and supplemental practicum courses.

(c) To determine if judges and certification candidates are in compliance with these rules and to hear appeals from determinations of noncompliance.

(d) To hear and decide requests from judges for waivers, extensions, or deferments from the requirements set forth in 42 Pa.C.S. § 3113 and § 3118 and these rules.

(e) To undertake all reasonable action to implement the requirements of 42 Pa.C.S. § 3112 - § 3118, Pa.R.J.A. 601-603, and these rules.

(f) To delegate to the Department or Board staff ministerial functions as necessary and appropriate to administer these rules.

(g) To vote upon all matters requiring action by the Board. The manner of making and debating motions and determining the votes necessary for Board action shall be decided by the Chair, unless overridden by a Board majority.


**Rule 204. Quorum and Votes**

A minimum of five (5) Board members participating in a meeting shall constitute a quorum. A quorum may be established with the participation of members by advanced communication technology. The Board may adopt rules providing for teleconference meetings. In accordance with 42 Pa.C.S. § 2133, the Board shall act only with the concurrence of at least four (4) members.


**Rule 205. Confidentiality**

(a) The files, records, and proceedings of the Board shall be deemed confidential and shall only be disclosed upon order by the Supreme Court or as required by law.

(b) The Board shall submit an annual report to the Supreme Court, providing information on judicial compliance and other information deemed relevant by the Board or as directed by the Supreme Court.

(c) All documents or information deemed confidential under the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania shall not be disclosed, unless as permitted under that policy and these rules.

## Rule 301. Continuing Education Requirements

(a) Magisterial district judges shall, on an annual basis as defined by the Board, complete thirty-two (32) hours of continuing education in accordance with the requirements of 42 Pa.C.S. § 3118(a)(1); Pa.R.J.A. 602(a).

(b) Arraignment court magistrates shall, on an annual basis as defined by the Board, complete twenty (20) hours of continuing education in accordance with the requirements of 42 Pa.C.S. § 3118(b).

(c) All newly elected or appointed magisterial district judges shall, within twelve (12) months of assuming office, complete a thirty-two (32) hour supplemental practicum in accordance with the requirements of Pa.R.J.A. 602(b). This requirement shall be in addition to the annual continuing education requirement.

## Rule 302. Judicial Education Standards

Judicial education courses developed under these rules shall meet the following standards:

(a) Judicial education must, to the greatest extent possible, address judges' distinct educational needs.

(b) A course shall have significant intellectual or practical content, the primary objective of which is to improve the participants' professional competence and ethical behavior.

(c) A course shall be an organized program of learning to deal with matters directly related to subjects which satisfy the objectives of 42 Pa.C.S. § 3113 and § 3118 and these rules.

(d) A course must be presented in a suitable setting, conducive to a good educational environment, which provides attendees with adequate writing space or surface.

(e) The Board may limit class sizes to create and maintain environments that are conducive to learning and that provide maximum engagement by the learner.

(f) The Board may, at its discretion or as budgetary and administrative circumstances require, allow for distance education to satisfy some or all judicial education required by 42 Pa.C.S. § 3113 and § 3118 and these rules. Courses delivered by distance education must:

1. provide mechanisms to ensure interactivity and/or monitor course participation;

2. be completed in such a manner that certification of attendance is controlled and proof thereof is determined by the Board; and

3. include a mechanism to allow for course evaluations in a format determined by the Board.

(g) Self-study will not be approved for certification, continuing education or supplemental practicum requirements.

(h) Program leaders or presenters shall be qualified with the practical and/or academic experience necessary to conduct the program effectively.

(i) Leaders or presenters may receive compensation at a rate determined by the Board, subject to the approval of the Court Administrator.

(j) Though written materials may not be appropriate to all courses, they are expected to be utilized whenever possible. When written materials are deemed appropriate, each attendee shall be provided with a thorough, high quality and carefully prepared copy before or at the time of the course.

(k) The Board shall make reasonable accommodations, in accordance with the Americans with Disabilities Act, for certification course, continuing education and supplemental practicum attendees as required.

(l) The Board shall develop and implement methods to evaluate its course offerings to determine their effectiveness and the extent to which they meet judges' unique educational needs.

## Rule 303. Certification and Examination

(a) All persons elected or appointed as judges shall be members of the bar of this Commonwealth or shall attend a certification course, which shall be at least forty (40) hours in length, and earn a passing score of seventy percent (70%) on the certification examination prior to assuming office, as set forth in 42 Pa.C.S. § 3112 - § 3114 and Pa.R.J.A. 601(a).

(b) The content of the certification course shall include, but shall not be limited to, the requirements set forth in 42 Pa.C.S. § 3113(b) and any other provision of rule or law as determined by the Board in accordance with these rules.

(c)  The certification course shall be scheduled with sufficient frequency to ensure that, once elected or appointed, a judge may qualify to assume office at the earliest opportunity in accordance with 42 Pa.C.S. § 3113(a).

(d)  The certification course shall be open to any interested person, in accordance with 42 Pa.C.S. § 3114.

(e)  Certification course attendees shall not be charged a fee to attend the certification course and shall be provided instructional materials at no cost. 42 Pa.C.S. § 3117. The Board shall determine what constitutes appropriate instructional material.

(f)  Certification course attendees are responsible for all costs and expenses related to their attendance beyond those enumerated in 42 Pa.C.S. § 3117.

(g)  The Board shall offer a certification examination within thirty (30) days of each certification course.

(h)  The Board shall offer any person who does not successfully pass the examination referenced in paragraph (a) an opportunity to sit for the examination again prior to the next certification course. Thereafter, if the person has not successfully passed the examination, he or she will have the opportunity to sit for the examination again following the conclusion of the next regularly scheduled certification course. The Board may limit the number of times unsuccessful candidates may retake the exam without first retaking the certification course.

**Rule 304. Supplemental Practicum**

(a)  The Board shall determine the length and the content of the continuing education practicum course required by Pa.R.J.A. 602(b).

(b)  Practicum exercises must be part of the course of instruction.

**Rule 401. Waivers and Special Status**

(a) **Waiver.** A waiver is a grant by the Board that continuing education requirements may be excused. The Board may waive any amount of continuing education requirements for a period of not more than one (1) year upon a finding by the Board of:

1. undue hardship, including extraordinary situations that could not reasonably have been anticipated;

2. circumstances beyond the control of the judge that prevent the judge from complying in any reasonable manner with continuing education requirements; or

3. circumstances under which the Board determines a waiver request manifestly demonstrates good cause.

(b) **Senior judges.**

1. Newly certified senior judges must complete the supplemental practicum required by Pa.R.J.A. 602(b).

2. Senior judges must compete annual continuing education courses as required by these rules.

(c) **Members of the Armed Forces.** Compliance with these rules shall be waived for members of the Armed Forces on active duty during the period of their active duty. A judge completing active duty shall notify the Board within thirty (30) days of returning to judicial service. Thereafter, the judge must comply with continuing education requirements for the forthcoming year.

## Rule 501. Noncompliance

(a) The Board shall notify in writing any judge who does not comply with the continuing education requirements. There shall be no exceptions or exemptions from the continuing education requirements set forth in 42 Pa.C.S. § 3118 and Pa.R.J.A. 602, except those enumerated herein.

(b) Noncompliance shall constitute grounds for the Supreme Court to declare a vacancy in that district in accordance with 42 Pa.C.S. § 3118(a)(2) and Pa.R.J.A. 602(a).

(c) The Board shall report to the Supreme Court and to the Judicial Conduct Board any judge who fails to complete their annual continuing education requirement.

## Rule 601. Hearings

(a) Any judge or certification candidate aggrieved by a decision of the Board may petition for a hearing before the Board within ninety (90) days of the decision.

(b) Requests for hearings. All requests for hearings shall be addressed to the Minor Judiciary Education Board, 601 Commonwealth Avenue, Suite 2500, P.O. Box 62475, Harrisburg, Pennsylvania 17106-2475. All matters shall be heard by the Board, unless in the discretion of the Board Chair, the matter should proceed as otherwise provided in this rule.

(c)   In the discretion of the Board's Chair, a matter initially may be assigned to a Board member or panel of Board members for decision. If the hearing is conducted by more than one (1) person, the Chair of the Board shall designate one person who will act as the presiding hearing officer. Within thirty (30) days after the hearing, the member or panel shall submit a recommendation to the Board.

(d)   After receipt of the member or panel's recommendation, the Board shall review the matter based upon the existing record, or in its discretion, conduct such further proceedings as it deems appropriate, or review the matter de novo.

(e)   At all hearings, the petitioner shall have the burden of proof of establishing compliance with these rules by a preponderance of the evidence. Counsel for the Board shall represent the Board if directed to do so by the Board.

(f)   At the hearing, any party shall have the opportunity to call witnesses, examine and cross-examine witnesses, and to introduce such evidence as is relevant to the proceeding.  Evidence shall be admitted at the discretion of the Board, and as long as that discretion is not abused, the Board shall not be restrained by technical Rules of Evidence.

(g)   All hearings shall be confidential, and shall not be open to the public, except at the request of the petitioner. Witnesses shall be sworn and a complete electronic record or a transcript shall be made. The presiding hearing officer shall have authority to rule on all motions, objections, and other matters  presented.

(h)   In investigations and proceedings under these rules, the Board shall have power to issue subpoenas and cause testimony to be taken under oath before the Board or Board members. All subpoenas shall be issued in the name and under the seal of the Supreme Court and served as provided by the Rules of Civil Procedure. Fees and costs of the subpoenas shall be paid from the funds of the Board or taxed as costs, as determined by the Board.

(i)   The member, panel, or Board, as the case may be, may order the testimony of a witness to be taken by deposition within or without this Commonwealth in the manner prescribed for the taking of depositions in the Rules of Civil Procedure and the depositions may be used to the same extent as permitted under those rules. Costs for the taking of a deposition shall be paid from the funds of the Board or taxed as costs, as determined by the Board.

(j) Within ninety (90) after the conclusion of a proceeding, the Board shall issue its decision. A copy of the Board's decision shall be promptly mailed to the petitioner by the Board.

(k)  If a judge is deemed to be noncompliant, a request for a hearing shall not operate as a stay or supersedeas of any action taken by the Board with respect to the  judge's

noncompliance, unless upon application and good cause shown, the Board grants a stay or supersedeas of its action.

(l)  A petitioner aggrieved by a Board decision may request reconsideration. There is no right to appeal provided under these rules.